IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RHONDA T., § § § Plaintiff, § § V. § § No. 3:18-cv-1559-B-BN § ANDREW SAUL, Commissioner of § Social Security, § § Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

Plaintiff Rhonda T. seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons explained below, the hearing decision should be reversed.

**Background**

Plaintiff alleges that she is disabled as a result of throat cancer, scoliosis, anemia, foot pain, and back and leg problems. After her application for disability insurance benefits was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on January 19, 2017. *See* Dkt. No. 9-1 at 30-55. At the time of the hearing, Plaintiff was 61 years old. She has a high school equivalency diploma, and has past work experience as an assistant apartment complex manager and warehouse file clerk. Plaintiff has not engaged in substantial gainful activity since January 1, 2014.

The ALJ found that Plaintiff was not disabled and therefore not entitled to disability benefits. *See id.* at 16-25. Although the medical evidence established that Plaintiff suffered from a history of malignant neoplasm of the tongue and anxiety disorder, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that Plaintiff had the residual functional capacity to perform her past relevant work as a file clerk and assistant apartment complex manager.

Plaintiff appealed that decision to the Appeals Council. The Council affirmed.

Plaintiff then filed this action in federal district court. Plaintiff challenges the hearing decision on four grounds: (1) the ALJ found that Plaintiff had a severe mental impairment but failed to include mental limitations in the ALJ's residual functional capacity ("RFC") finding; (2) the ALJ gave "significant" or "great" weight to the opinions of three non-treating psychologists but failed to adopt or reject and explain her reasons for rejecting specific mental limitations described by these three sources; (3) the ALJ ignored Plaintiff's back and leg impairments at steps two and three of the sequential process; and (4) the ALJ was not properly appointed under the Constitution's Appointment Clause at the time of the hearing and, as a result, did not have legal authority to preside over the case or issue an unfavorable decision.

The undersigned concludes that the hearing decision should be reversed and this case remanded to the Commissioner of Social Security for further proceedings consistent with these findings and conclusions.

**Legal Standards**

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether Commissioner applied the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Copeland*, 771 F.3d at 923. The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Copeland*, 771 F.3d at 923; *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). The Court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

"In order to qualify for disability insurance benefits or [supplemental security income], a claimant must suffer from a disability." *Id.* (citing 42 U.S.C. § 423(d)(1)(A)). A disabled worker is entitled to monthly social security benefits if certain conditions are met. *See* 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage

in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Copeland*, 771 F.3d at 923; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985).

"In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007).

The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Copeland*, 771 F.3d at 923; *Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Copeland*, 771 F.3d at 923; *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical

facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.* However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

## Analysis

Among the arguments Plaintiff makes is a single ground that compels remand – the ALJ failed to evaluate Plaintiff's back and leg impairments.[1]

---

[1] By remanding this case for further administrative proceedings, the Court does not suggest that Plaintiff is or should be found disabled.

The ALJ evaluates the severity of a claimant's impairments at steps two and three of the sequential evaluation process. *See* 20 C.F.R. § 404.1520(a)(ii), (iii).

At step two, the ALJ found that Plaintiff's history of malignant neoplasm of the tongue and anxiety disorder were severe impairments, and that her anemia was a not a severe impairment. *See id*. The ALJ did not mention Plaintiff's back or leg impairments at step two. *See id*. at 18.

At step three, the ALJ considered listings related to Plaintiff's mental impairments and cancer. *See id*. at 19-20. The ALJ did not mention Plaintiff's back or leg impairments at step 3. *See id*.

At step four, the ALJ mentioned Plaintiff's back and leg impairments, but did not include any limitations related to those impairments in her RFC determination. *See id*. at 20-22.

Although an ALJ is not required to specifically articulate every piece of evidence accepted and rejected, *see Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994), the ALJ's general statement that her RFC is "based on all the evidence," *see* Dkt. No. 9-1 at 21, is insufficient to show that she considered the severity of Plaintiff's back pain and leg impairments at steps two and three, *see* SSR 82-62 (S.S.A.), 1982 WL 31386 ("The rationale for a disability decision must be written so that a clear picture of the case can be obtained. The rationale must follow an orderly pattern and show clearly how specific evidence leads to a conclusion."); SSR 83-14 (S.S.A.), 1983 WL 3154 ("There must be findings of fact and recitation of the evidence which supports each finding.").

The record includes evidence of a medically determinable back impairment, with pain radiating to the legs. An MRI of the lumbar spine showed a bulging disc at L5-S1. *See* Dkt. No. 9-1 at 365. A CT scan of the neck showed cervical spondylosis with associated foraminal stenosis. *See id.* at 300. And nurse practitioner Becky Wynn, RNC, FNP, confirmed that Plaintiff had lumbar back pain radiating down both legs, based on MRI evidence, as well as neuropathy of her feet. *See id.* at 579.

The ALJ could have found that Plaintiff's back and leg impairments were not medically determinable or were not severe, but without findings, the Court cannot know. And if the ALJ had not ignored Plaintiff's back and leg impairments, the RFC finding may have been different. Accordingly, the Court should reverse and remand for further evaluation because the ALJ failed to consider and explain her reasons for accommodating or rejecting Plaintiff's back and leg impairments.

## Recommendation

The hearing decision is should be reversed and this case remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 29, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE